UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL GILBERT KALKHOFF,

        Plaintiff,

v.

        Case No. 22-cv-577-pp

UNITED STATES OF AMERICA,

        Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS (DKT. NO. 4) AND DISMISSING CASE WITH PREJUDICE**

---

On May 16, 2022, the plaintiff, representing himself, filed a complaint against the United States of America, asking this court to give him a "definitive ruling" on the allegations in the complaint. Dkt. No. 1. That same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

**I.    Screening**

Whenever a plaintiff asks the court to allow him to proceed without prepaying the filing fee, the court must "screen" the complaint, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). For a complaint to state a claim under the federal notice pleading system, it must contain a "short and plain statement of

1

the claim" showing that the plaintiff is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

It is unclear what the plaintiff is alleging in his complaint. The complaint consists of three paragraphs. Dkt. No. 1 at 2-3. The first paragraph states that on April 14, 2017, the plaintiff filed an employment discrimination charge with the Equal Employment Opportunity Commission (EEOC), naming Panera Bread Co. as the defendant. Id. at 2. The court assumes the plaintiff is referring to the charge underlying his previous federal case, Kalkhoff v. Panera Bread Co., *et al.*, Case No. 21-cv-1153, dkt. nos. 13, 14 (E.D. Wis.).[1]

The second and third paragraphs allege the following:

> The plaintiff contends that after 253 days the appointments clause was ratified making the "work-sharing agreement" between the E.E.O.C. and the Equal Rights Division subject to dismissal. On or about December 15, 2017 any proceedings before, presided over, by administrative law judges were found to be unconstitutional. The plaintiff contends that the E.E.O.C. appeared to turn over the discrimination to the equal rights division anyway.
>
> The United States, under Articles of Impeachment, ratified the contract knowing all too well they were in the wrong in the first place. Thoughts . . . ? When they ratified it they made it into an

---

[1] On April 27, 2022, the court dismissed the plaintiff's previous case as untimely filed.

2

> order. Which sent it back to Congress. Congress can then veto it or send it into the House of Representatives for proclamation or order standing. This is how a law is formed. They have to vote on it. ALJ's were found to be unconstitutional.

Id. at 2-3.

The only "appointments clause" of which the court is aware is the Appointments Clause in the second clause of Article II the United States Constitution. U.S. Const. Art. II, §2, cl. 2. That Appointments Clause says that the President has the power to appoint "Officers of the United States." Perhaps this is the "appointments clause" to which the plaintiff refers, but if it is, his reference to the Appointments Clause being "ratified" after 253 days does not make sense. The Appointments Clause was ratified on June 21, 1788—the same date as the rest of the Constitution was ratified (when New Hampshire became the ninth state to ratify it).

The complaint references a "work-sharing agreement" between the Equal Employment Opportunity Commission, an independent federal agency, and the Wisconsin Department of Workforce Development's Equal Rights Division, a state-level administrative agency. The court is unaware of any "work-sharing agreement" between these two entities—the ERD handles employment discrimination claims filed under Wisconsin's Fair Employment Act, while the EEOC processes claims filed under federal statutes such as the Americans with Disabilities Act and Title VII.

The plaintiff asserts a belief that at some point near the end of 2017, proceedings presided over by administrative law judges became unconstitutional, and that administrative law judges became unconstitutional.

3

The court suspects the plaintiff may be referring to a Supreme Court decision from 2018. On June 21, 2018, the Supreme Court decided Lucia v. S.E.C., ___ U.S. ___, 138 S. Ct. 2044 (2018). The Lucia Court held that administrative law judges of the Securities and Exchange Commission were "Officers of the United States," subject to the Appointments Clause and thus that they must be appointed by the President. Id. at 2055.

The court has no idea what this ruling has to do with the plaintiff. The complaint does not allege that an administrative law judge issued a decision regarding the plaintiff, or that that administrative law judge was not constitutionally appointed.[2] The plaintiff appears to be asking the court to issue an advisory opinion, telling him whether he is correct that administrative law judges are unconstitutional. The court does not have the authority to issue such an opinion. Article III, §2, cl. 1 of the Constitution gives federal judges the authority to decide "cases" or "controversies." "Article III's 'case or controversy' requirement prohibit federal courts from issuing advisory opinions that do not affect the rights of the parties before the court." Matlin v. Spin Master Corp., 979 F.3d 1177, 1181 (2020) (citing Presider v. Newkirk, 422 U.S. 395, 401 (1975)).

Nor does the plaintiff's citation to Rule 60(b) vest the court with the authority to issue an advisory opinion. Federal Rule of Civil Procedure 60(b)

---

[2] The court notes that in the document the court received from the plaintiff on June 7, 2022, titled "Motions," the plaintiff stated, "There is *not* a Constitution for Administrative Law Judge Delao, or a Constitution for Administrative Law Judge Selsor . . . ." Dkt. No. 4 at 2. The plaintiff did not mention these judges in his complaint or explain who they are or what they did.

4

allows a party to move for relief from a final judgment, order or proceeding. The court has issued no judgment or order in this case, so there is no judgment or order from which the court may grant the plaintiff relief.

The complaint does not state a claim upon which a federal court may grant relief. It states various theories held by the plaintiff and asks this court to confirm or deny those theories. That is not the function of a federal district court. The court must dismiss the complaint for failure to state a claim.

The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. <u>Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.</u>, 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." <u>Arreola v. Godinez</u>, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). The court concludes that it would be futile to allow the plaintiff to file an amended complaint, because he seeks an advisory opinion this court does not have the authority to provide.

**II.     Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

Because the court is dismissing the case for failure to state a claim, the court concludes that the plaintiff's motion to proceed without prepaying the filing fee is moot.

## III. Miscellaneous Motions (Dkt. No. 4)

On June 7, 2022, the court received from the plaintiff a document titled "Motions." Dkt. No. 4. The document says that the plaintiff "seeks to make several motions in order to preserve his rights," then cites Fed. R. Civ. P. 60(b), 11(b)(1) and 8(c). Id. at 1. The plaintiff then lists eleven federal statutes (without explaining how they relate to him or his case) and two Supreme Court cases (again, with no explanation about how they relate to him or his case). Id. at 1-2. Under a section titled, "Relief," the document reads as follows:

> Plaintiff accepts to exercise his First, Fourth, and Fifth Amendments Right to in-person hearing in Room 222
> Motion for Certiorari
> Motion for Injunction and Restraining Order Against Administrative Agency
> Monetary relief for whatever this court deems necessary and just if found lawless

Id. at 2.

The document concludes with this paragraph:

> There is only one Constitution of the United States. There is *not* a Constitution for Administrative Law Judge Delao , or a Constitution for Administrative Law Judge Selsor in as much there is one for United States Judge Pepper. Upon information and understanding , the Plaintiff is allowed to procure and progress my Civil Liberties.

The court does not know what rights the plaintiff is seeking to preserve or what civil liberties he believes have been violated. He has not met the requirements for injunctive relief—he has not shown that he will suffer irreparable harm without injunctive relief, that he has not adequate remedy at law or that he has a reasonable likelihood of success on the merits of this case. See, *e.g.*, Roland Machinery Co. v. Dresser Indus., Inc., 749 F.2d 380, 382-83

(7th Cir. 1984). He has not asserted claims under the First, Fourth or Fifth Amendments or demonstrated a need for a hearing. This court does not have the authority to grant certiorari. And he has not stated a claim for monetary relief. The court will deny these motions.

### III. Conclusion

The court **ORDERS** that the plaintiff's complaint is **DISMISSED** for failure to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. No. 1.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's miscellaneous motions. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 12th day of July, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**